LOUISE MAROSITES v. T. G. PROCTOR, JR., AND MARY C. HOLT AND ROB-
ERT R. CLARK

No. 8111SC1325

(Filed 2 November 1982)

Contracts § 14.1; Wills § 1.1— third party beneficiary to contract — vesting of right
after death of contracting party — will not required

> Where a contract for the sale of real property provided that the seller
> would deed the property to plaintiff in case of the death of the buyer before
> execution of the deed, plaintiff was a third party beneficiary of the contract,
> and the fact that plaintiff's right to the property did not become fully vested
> until the buyer's death did not mean that the buyer had to execute an instru-
> ment which complied with the requirements of a will in order to vest this
> right. Therefore, plaintiff could enforce the contract upon the death of the
> buyer before delivery of the deed.

APPEAL by intervenor defendants from *Farmer, Judge.* Judg-
ment entered 8 July 1981 in Superior Court, LEE County. Heard
in the Court of Appeals 21 September 1982.

This action was brought seeking specific performance. The
defendant T. G. Proctor, Jr. executed on 26 November 1976 a con-
tract with Robert R. Clark which provided as follows:

> "THIS IS to verify that ROBERT CLARK has paid me, T. G.
> PROCTOR, JR., for the property described as follows:
>
> > [The agreement set forth a full description of the
> > property]
>
> > IN CASE of the death of ROBERT CLARK before execution
> > of the deed, the above described property will be deeded to
> > LOUISE MAROSITES."

Robert Clark died on 21 August 1979 before a deed to the proper-
ty was delivered to him by T. G. Proctor, Jr. Mary C. Holt and
Robert R. Clark, the devisees and heirs at law of Robert Clark, in-
tervened as defendants. The Superior Court ordered T. G. Proc-
tor, Jr. to convey the real estate to the plaintiff.

---

Marosites v. Proctor

---

The intervening defendants appealed.

*Staton, Perkinson, West and Doster, by W. Woods Doster and William W. Staton, for plaintiff appellee.*

*Kenneth R. Hoyle for defendant appellants.*

WEBB, Judge.

We affirm the judgment of the Superior Court. We believe the plaintiff is a third party beneficiary to a contract between Robert Clark and T. G. Proctor, Jr. The principles governing third party beneficiary contracts are discussed in *Vogel v. Supply Company*, 277 N.C. 119, 177 S.E. 2d 273 (1970). *See also Trust Co. v. Processing Co.*, 242 N.C. 370, 88 S.E. 2d 233 (1955) and *Alva v. Cloninger*, 51 N.C. App. 602, 277 S.E. 2d 535 (1981). The intention of the parties, as expressed in the contract, is that in the event of the death of Robert Clark without the property being conveyed to Mr. Clark, the original defendant would convey the property to the plaintiff. We hold that the contract was intended for the direct benefit of the plaintiff and is enforceable by her.

The appellants contend the agreement may not be enforced because the plaintiff did not receive her right to have the property conveyed to her until the death of Robert Clark. The appellants argue that Robert Clark has attempted to leave this property to plaintiff by a will which was not executed in accordance with the requirements for testamentary disposition. We do not believe the plaintiff's right to the property was given to her by will. At the time of the execution of the agreement, she had a right. The fact that this right did not become fully vested until Mr. Clark's death does not mean that Mr. Clark had to execute an instrument that complies with the requirements for a will in order to vest this right. There are other third party beneficiary contracts which may be enforced by the beneficiary after the death of a contracting party. Life insurance contracts are examples.

Affirmed.

Judges VAUGHN and WELLS concur.